# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:09CR00045 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ROBERT GBANAPOLOR,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Craig J. Jacobsen, Assistant United States Attorney, Roanoke, Virginia, for United States; Helen E. Phillips, McGlothlin and Phillips, PLLC, Lebanon, Virginia, for Defendant.*

The defendant in this case was indicted on three counts of making false statements before a grand jury in violation of 18 U.S.C.A. § 1623 (West 2000). In advance of trial, the defendant has filed a Motion to Suppress his testimony before the grand jury and a Motion to Dismiss the Indictment. I will deny both motions.

The defendant, an inmate at the United States Penitentiary Lee County, located in this judicial district, was called before the grand jury investigating the killing of another inmate, Quentin Corniel, by a third inmate, Willie Bush. At the time, the government was in possession of a video of the prison yard showing the assault on Corniel by Bush, with the defendant near by. In his testimony before the grand jury, the defendant denied that he was present or saw the attack. He further denied that he

had earlier indicated his presence to an FBI agent. In the present prosecution, the government contends that these statements were knowingly false.

The parties have agreed that no evidence is necessary to decide the defendant's motions. The government has supplied the court with the defendant's grand jury testimony, as well the video of the attack.

The defendant asserts his grand jury testimony should be suppressed because the government did not notify him "before he testified in front of the grand jury [that] he was actually a target." (Def.'s Mot. to Suppress ¶ 7.) This argument fails. The government contends that the defendant was not a target and in fact advised him at the time that he was not. In any event, under the Supreme Court's holding in *United States v. Washington*, 431 U.S. 181, 189–90 (1977), the government has no constitutional obligation to warn witnesses that they are grand jury targets. *See also United States v. Bollin*, 264 F.3d 391, 414 (4th Cir. 2001).

The defendant also argues that he because he was an inmate when he testified before the grand jury he could not voluntarily waive his Fifth Amendment rights. I disagree.

The Fourth Circuit has held that the test for determining whether an individual's statement was voluntary "'is whether the confession was "extracted by any sort of threats or violence, [or] obtained by any direct or implied promises,

however slight, [or] by the exertion of any improper influence.'"'" *United States v. Braxton* 112 F.3d 777, 780 (4th Cir. 1997) (quoting *Hutto v. Ross*, 429 U.S. 28, 30 (1976)). Yet even under that standard, the existence of threats, violence, or other coercive activity does not automatically render a confession involuntary. Rather, the inquiry must focus on whether external forces were sufficient to destroy a defendant's free will or substantially impaired the defendant's "'capacity for self-determination'" *Id.* (quoting *United States v. Pelton*, 835 F.2d 1067, 1071 (4th Cir. 1987)).

This case does not meet the standard articulated in *Braxton* and *Pelton*. Counsel for the government did not improperly influence, threaten, or use violence against the defendant during the grand jury hearing. The prosecutor informed the defendant of his right to retain a lawyer for his grand jury appearance and told the defendant about his Fifth Amendment rights. The defendant responded that he understood his rights. Thus, the defendant freely and voluntarily gave his statements to the grand jury.

The defendant has also moved to dismiss the Indictment, arguing that he did not misrepresent a material fact during his testimony. The grand jury transcript indicates otherwise. A material statement is one that "has a natural tendency to influence, or is capable of influencing, the decision-making body to which it was addressed." *United States v. Littleton*, 76 F.3d 614, 617-18 (4th Cir. 1996). The

defendant was called to testify before a grand jury investigating the murder of a federal prisoner, which the defendant had witnessed. As a witness called to testify about his observations during the killing, the defendant's observations were material because they had "a natural tendency to influence" the grand jury. *Littleton*, 76 F.3d at 617-18. In any event, it is up to the jury to decide whether the government has proved beyond a reasonable doubt the necessary elements of the crime charged.

Accordingly, it is **ORDERED** that the defendant's motions (DE 17 and 18) are DENIED.

    ENTER: March 23, 2010

    /s/ JAMES P. JONES
    Chief United States District Judge